The following constitutes
the order of the court. Signed November 4, 2014

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    Case No. 11-55215 MEH
                                         Chapter 13
Emma Elkins Price,

                    Debtor./

MEMORANDUM DECISION

An evidentiary hearing was held October 17, 2014 on Debtor's objection to claim number 10 of Lenore E. McGann ("Claimant"). Ralph Guenther appeared on behalf of Debtor. Claimant did not appear at the hearing. Debtor's son, Edward Elkins, testified on behalf of Debtor.

Debtor contends that res judicata bars Claimant from asserting the debt because the parties' dispute was adjudicated in Debtor's favor in a judgment issued August 26, 2013 in case no. C000040-11 of the Superior Court of New Jersey, Chancery Division, Cape May County (the "State Court" and "State Court Judgment"). Debtor further asserts that Claimant's proof of claim is time-barred, and on those bases seeks disallowance of the claim in its entirety.

////

The State Court held a three-day trial in March 2013 on a property dispute between Debtor and Claimant. Debtor sought a partition of the parties' jointly-owned real property located in Cape May County, New Jersey and Claimant raised a counterclaim to recover money allegedly owed.

The first count in Claimant's State Court counterclaim sought damages and court costs based on Debtor's alleged commingling and misuse of rental income and mortgage proceeds from a property she managed for Claimant in Dillon, Colorado. The second count sought damages for similar conduct alleged in relation to a house in Cape May, New Jersey. The third count sought damages arising out of alleged overpayments Claimant made to Debtor on a loan obligation. The final count sought damages for Debtor's alleged non-payment of a Demand Note upon Claimant's demand for payment.

The State Court dismissed the first, third and fourth counts, based in part on the claims being barred by the applicable statute of limitations, and denied the second count pursuant to the doctrine of laches.

Claimant's letter to the court (docket no. 41) challenges the State Court Judgment and alleges that she was not given proper notice of this bankruptcy.

Burden of Proof for Establishing a Claim

A proof of claim is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a). It constitutes prima facie evidence of the validity and amount of the claim pursuant to Bankruptcy Rule

2

3001(f).[1]  Once an objection is made, a proof of claim remains sufficient absent evidence of its invalidity.[2]  An objecting party bears the burden of providing evidence of a proof of claim's invalidity.[3]  Once the objecting party has met this burden, the claimant bears the ultimate burden of proof.[4]

Res Judicata

Debtor asserts that res judicata precludes relitigation of the debt asserted in the proof of claim.  The State Court Judgment, complaint and Claimant's amended answer, counterclaim and third party complaint were introduced as evidence at trial.  Mr. Elkins testified that the trial was conducted in 2011 over three days, that he participated in the trial on two of those days, and that Claimant also testified at the trial.  He further testified as to his belief that there is no difference between the damages in Claimant's proof of claim and the damages sought in her State Court counterclaim, which was denied.

A federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered.  *Migra v. Warren City Sch.*

---

[1] *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000).

[2] *Id.*

[3] *In re Garvida*, 347 B.R. 697, 706 (B.A.P. 9th Cir. 2006).

[4] *Id.*

3

*Dist. Bd. of Educ.*, 465 U.S. 75 (1984); 28 U.S.C. § 1738. Accordingly, this court may not relitigate the existence of Claimant's debt if res judicata bars such relitigation under New Jersey law.

Under New Jersey law, res judicata may apply if there is:

(1) a final judgment by a court of competent jurisdiction,

(2) identity of issues,

(3) identity of parties, and

(4) identity of the cause of action.

*Brookshire Equities, LLC v. Montaquiza*, 346 N.J. Super. 310, 318 (N.J. Super. Ct. App. Div. 2002).

The State Court issued a final judgment on August 26, 2013 and the time for filing a notice of appeal is expired.[5] The parties in that action were the same as the parties in this action. The issue determined by the state court is the same issue that is before this court: whether Claimant has an interest in the funds in dispute. The cause of action here is similarly the same cause of action that was before the State Court: Debtor seeks to recover funds allegedly owed related to the two properties. The "identity of issues" and "identity of the cause of actions" prongs are satisfied by the documents admitted into evidence and Mr. Elkins' testimony. Accordingly, based on that evidence, Defendant has satisfied the elements required to assert res

---

[5] N.J. Ct. R. 2:4-1(a).

4

judicata under New Jersey law. Under California state law, the outcome would be the same.[6]

Having provided evidence that this court is bound by the State Court's determination that Claimant is not entitled to recover for the debts listed in her proof of claim based on the doctrine of laches and the applicable statute of limitations, Debtor has rebutted the presumption of validity of Claimant's proof of claim, and Claimant bears the ultimate burden of proof.

In her letter to the court and pre-trial statement (docket no. 59), Claimant questions the integrity of Mr. Elkins' testimony in the State Court proceedings and challenges the State Court Judgment on that basis. The Rooker-Feldman doctrine prohibits this court from sitting in review of the State Court Judgment. Claimant has not raised any other argument relevant to the issue before the court, nor did she present evidence sufficient to meet her burden of persuasion.

Notice of the Bankruptcy Case

The court need not address Claimant's allegations of improper notice of this bankruptcy case. The docket reflects that Claimant was not included in the original creditor matrix and did not receive notice

---

[6] *See Lucido v. Superior Court*, 51 Cal. 3d 335, 341, 795 P.2d 1223, 1225 (1990)(res judicata may apply if: (1) the issues are identical; (2) the issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the former proceeding; (4) the decision in the former proceeding was final and on the merits; and (5) the party against whom preclusion is sought is the same or in privity with the party to the former proceeding).

5

of the bankruptcy filing.  Subsequently, she filed her proof of claim, which gave way to this evidentiary hearing on Debtor's objection to claim.  Any defect in notice at the outset of the bankruptcy was cured by Claimant's opportunity to file a proof of claim and be heard in this evidentiary hearing on the allowance of her claim.

　　　Based on the foregoing, the court sustains the objection to claim and disallows Claimant's proof of claim in full.  The court will issue a separate order contemporaneous with this memorandum decision.

**END OF MEMORANDUM DECISION**

COURT SERVICE LIST

Lenore E. McGann
PO Box 998
Dillon, CO 80435

Via ECF:

Devin Derham-Burk, Chapter 13 Trustee
ctdocs@ch13sj.com

Ralph P. Guenther on behalf of Debtor Emma Elkins Price
courts@tkdougherty.com

Office of the U.S. Trustee, San Jose
USTPRegion17.SJ.ECF@usdoj.gov, ltroxas@hotmail.com